## Harr, Secretary of Banking, v. Shilcock et al.

*Joseph Moss, Ralph J. Rinalducci* and *Morris Gerber,* for plaintiff.

*Samuel H. High,* for defendant mortgagor.

KNIGHT, P. J., February 7, 1936.—Briefly, these are the facts: Plaintiff held a mortgage on a large tract of land in Abington Township. The mortgage was foreclosed, and the land purchased by the plaintiff for $15,-

405, which left a deficiency of $178,700.70. The sheriff's sale was held on November 1, 1933. On April 30, 1934, the then counsel for the plaintiff presented a petition to fix the fair value of the above-mentioned real estate and to enter a deficiency judgment under the provisions of the Act of January 17, 1934, P. L. 243, commonly known as the Deficiency Judgments Act of 1934.

After a hearing, this court found the fair value of the real estate to be $190,725 as of November 1, 1933, the date of the sheriff's sale, and entered a deficiency judgment against Clarence J. Shilcock, the original mortgagor, in the sum of $3,593.52. On December 9, 1935, counsel for the plaintiff, not he who petitioned the court under the Act of 1934, presented a petition on which the present rule was allowed. An answer was filed by Shilcock which, in effect, admits all the averments of fact contained in the petition but denies the legal conclusion that the deficiency judgment is invalid. The matter was argued before the court in banc on petition and answer and is now before us for decision.

We have here the unusual spectacle of a litigant asking the court to vacate a decree which he, himself, instituted proceedings to obtain. The petitioner contends that the rights of the parties under the mortgage became fixed by the sheriff's sale on November 1, 1933, and that the provisions of the Deficiency Judgments Act, which became effective on January 17, 1934, would not apply. The court was therefore without jurisdiction to enter a deficiency judgment in this case and the decree entering the same is a nullity.

Much as we dislike this fast and loose playing with the processes of the law, we are forced to hold that the contention is sound and that the present rule must be made absolute. It has been decided that the Deficiency Judgments Act is not retroactive and does not apply to sheriff's sales held before its effective date: Malone, to use, v. Reburn, 21 D. & C. 353; St. Charles B. & L. Assn. v. Hamilton et al., 319 Pa. 220.

True, this question was never raised in the proceedings seeking the deficiency judgment and the parties consented to the entering of the decree. It is well settled, however, that jurisdiction of the subject matter cannot be conferred upon the court by consent or the agreement of the parties. Since the sheriff's sale was held on November 1, 1933, two months and a half before the Act of 1934 became effective, this court had no jurisdiction under the act to change the rights and liabilities of the parties as fixed by the sheriff's sale.

And now, February 7, 1936, the rule to vacate the decree entered in the above case on September 7, 1934, is made absolute; the decree is vacated and the deficiency judgment entered by virtue thereof stricken off.

From Aaron S. Swartz, Jr., Norristown.